**Daniel Snyder, OSB No. 783856**
danielsnyder@civilrightsoregon.com
**Paul Bastian, OSB No. 062706**
paulbastian@civilrightsoregon.com
**SNYDER, POST AND BURGESS**
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
Telephone: (503) 241-3617
Facsimile: (503) 241-2249
   Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| KELSEY CARBARY, | Case No. 3:25-cv-1990 |
| Plaintiff, | **COMPLAINT** |
| v. | UNLAWFUL EMPLOYMENT ACTION |
| | ADA Discrimination, Retaliation, FMLA, and supplemental state law claims |
| OREGON STATE BAR, | |
| Defendant. | **JURY TRIAL DEMANDED** |

## I. PRELIMINARY STATEMENT

1.  Plaintiff brings this action to remedy violations of Plaintiff's statutory rights under FMLA - 29 U.S.C. § 2601 *et seq.*; Title I of the ADA, 42 U.S.C. § 12112, and supplementary state claims. Plaintiff seeks monetary damages, equitable relief, and attorneys' fees and costs.

PAGE 1 – COMPLAINT AND DEMAND FOR JURY TRIAL

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, federal question jurisdiction, and 28 U.S.C. §1343, civil rights jurisdiction.

3. Plaintiff requests that this Court invoke its supplemental jurisdiction pursuant to 28 U.S.C. § 1367 with respect to all causes of action based on Oregon statutory provisions or common law, as the state claims arise from the same nucleus of operative facts as the federal claims.

4. All preconditions to jurisdiction pursuant to 42 U.S.C. § 2000e-5 have been satisfied.

5. On July 30, 2024, Plaintiff filed a verified complaint with the Oregon Bureau of Labor and Industries Civil Rights Division (BOLI CRD), Case No. DPEMDP240730-10756 alleging an unlawful employment practices.

6. Oregon BOLI CRD co-filed Plaintiff's complaint with the EEOC, 38D-2024-00653.

7. On July 30, 2025, BOLI CRD issued a Notice of Right to File a Civil Suit for Case Number DPEMDP240730-10756.

8. On August 22, 2025, the EEOC issued a right-to-sue letter in Case No. 38D-2024-000653.

9. The venue is in the District of Oregon pursuant to 28 U.S.C. § 1391(b) because the claim arose in this Judicial District.

## III. PARTIES

10. Plaintiff Kelsey Carbary (Plaintiff) is a citizen of the United States. At all times material, Plaintiff worked for the Defendant in Washington County, Oregon.

PAGE 2 – COMPLAINT AND DEMAND FOR JURY TRIAL

11. Plaintiff has one or more disabilities that substantially limit major life activities.

12. Defendant Oregon State Bar is a public corporation established under ORS 9.010.

## IV. GENERAL FACTUAL ALLEGATIONS

13. The OSB subjected Plaintiff to discrimination and retaliation based on her disability. The OSB subjected Plaintiff to medical leave interference. The OSB subjected Plaintiff to an adverse employment action based on her use of Oregon sick leave. The OSB also subjected Plaintiff to associational discrimination.

14. All acts of Defendant's employees, including Regulatory Counsel, Troy Wood; Admissions Coordinator, Sarah Haugstad; Chief People and Culture Officer, Tria Vang; and General Counsel, Dani Huck, as alleged herein, were within the course and scope of their employment with Defendant.

15. While working for Defendant, Plaintiff suffered from and still does suffer from multiple disabilities, some of which are lifetime medical conditions. Those conditions substantially impair her major life activities, including substantially impairing focus and memory in comparison to the general population.

16. On April 17, 2023, OSB hired Plaintiff as a Lead Admissions Coordinator. Plaintiff's duties included processing bar applications, maintaining applicant admission records, responding to emails, handling incoming calls, communicating with applicants, and investigating applicant backgrounds. Defendant told Plaintiff that most employees worked remotely and that she could work remotely.

17. Unknown to Plaintiff when she accepted the position, she was the Lead Admissions Coordinator, but there were no other employees to lead. Defendant expected

PAGE 3 – COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff to be the sole employee responsible for processing applications for individuals to take the bar examination.

18. Plaintiff disclosed her disabilities and impairments to Defendant. Plaintiff took leave from work at various times beginning in May 2023 to receive treatment for her serious health conditions, including her disabilities.

19. On May 21, 2023, Plaintiff was admitted to the hospital for one of her serious health conditions. Plaintiff missed work because of that. On May 25, 2023, Plaintiff was discharged from the hospital.

20. When Plaintiff returned to work, her supervisor, Troy Wood, told Plaintiff that she should have performed her job tasks for Defendant while she was on leave in the hospital.

21. On June 16, 2023, Plaintiff required emergency room treatment for her serious medical condition. Plaintiff was experiencing symptoms similar to those she experienced with the previous medical event in May. She informed her supervisor in the morning that she was going to the hospital for tests around 10:00 a.m., and went to the emergency department, where a CT scan was ordered and performed. Plaintiff was discharged from the emergency department at 3:30 p.m. that day. Plaintiff missed most of that day of work to address her serious medical concerns.

22. Plaintiff was preapproved to take vacation from August 11 to August 14, 2023, for a trip to Texas. While on vacation, Mr. Wood and Ms. Haugstad directed Plaintiff to work remotely for half a day, tasking her with processing admission applications. When Plaintiff returned to work from vacation, Mr. Wood instructed Plaintiff that she could not work remotely out of state, even though Mr. Wood and Ms. Haugstad had instructed Plaintiff to work during her vacation in Texas.

PAGE 4 – COMPLAINT AND DEMAND FOR JURY TRIAL

23. On August 23, 2023, Mr. Wood called Plaintiff by telephone after the workday had ended. Mr. Wood asked Plaintiff how many applications she had processed that day. Plaintiff told Mr. Wood that she had processed twenty-two applications. Mr. Wood asked Plaintiff why she had not met the goal of processing thirty daily applications. Plaintiff told Mr. Wood that she was experiencing symptoms of her disability that day, so it took her longer to get through the applications. Mr. Wood said, "Cognitive issues are not an excuse."

24. On October 9, 2023, Plaintiff received emergency room treatment. On October 10, 2023, Plaintiff's symptoms worsened. On October 10, 2023, Plaintiff returned to the emergency room for care.

25. On October 19, 2023, Plaintiff underwent objective testing to determine her level of functioning. The testing showed objective evidence of substantial impairment due to her disability.

26. On October 30, 2023, Mr. Wood called Plaintiff into a meeting with Mr. Wood and Ms. Vang. Ms. Vang and Mr. Wood told Plaintiff that her work performance suffered because she was missing "too much work" due to her medical appointments. They also criticized Plaintiff for taking time off from work to appear as a witness in court hearings for Plaintiff's sister, who also has a disability.

27. Mr. Wood told Plaintiff that she was doing a good job before her medical problems began to manifest. Mr. Wood told Plaintiff that she should go on medical leave, recover, and return to work. Ms. Vang pointedly told Plaintiff that Plaintiff should just voluntarily resign from employment, even though she knew that Plaintiff had a disability.

**Snyder, Post and Burgess**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

28. On December 4, 2023, Plaintiff had a Teams meeting with Ms. Vang. Plaintiff inquired about taking medical leave as an accommodation for her multiple disabilities. Ms. Vang advised the Plaintiff to take medical leave.

29. On December 13, 2023, Plaintiff requested intermittent medical leave. Plaintiff submitted her medical leave request to Ms. Vang. On December 13, 2023, Plaintiff then had an afternoon meeting with Mr. Wood and Ms. Vang. At that meeting, Mr. Wood and Ms. Vang retaliated against Plaintiff for requesting medical leave by placing her on a Performance Improvement Plan (PIP). Ms. Wood and Ms. Vang revoked remote work and flex time, even though they had previously required her to perform work on-the-go while traveling on vacation. Mr. Wood and Ms. Vang told Plaintiff that during the first two weeks of the PIP, it would be critical for Plaintiff to meet their metrics, but if Plaintiff failed to meet the metrics in six weeks, she would face termination. During the meeting, Ms. Vang again pressured Plaintiff to resign from employment voluntarily.

30. On December 21, 2023, Plaintiff's healthcare provider notified her of an additional medical diagnosis. Plaintiff was instructed to take additional and new medication. Plaintiff was also instructed to receive additional therapy. On December 21, 2023, Plaintiff was called into a meeting with Ms. Vang and Dani Huck, General Counsel, to "discuss leave options."

31. On December 28, 2023, Plaintiff submitted a Certification of Healthcare Provider for medical leave and made a request for accommodations for her disability. The accommodations requested were to have shorter, more frequent breaks between daily tasks, and time off from work to attend medical appointments.

PAGE 6 – COMPLAINT AND DEMAND FOR JURY TRIAL

32. On December 29, 2023, Ms. Vang told Plaintiff that Plaintiff's request for intermittent OFLA leave request was approved. Plaintiff took intermittent medical leave under OFLA from January 2, 2024, through March 12, 2024.

33. On January 11, 2024, Plaintiff submitted health certification forms completed by a specialist to Ms. Vang. On January 24, 2024, Plaintiff submitted a letter from another medical doctor detailing her disabilities and suggesting accommodations to Ms. Vang.

34. On January 25, 2024, Defendant issued a document approving OFLA leave for Plaintiff. On January 26, 2024, Plaintiff received a letter from the Oregon Employment Department. Plaintiff was approved for ten weeks of consecutive paid medical leave from January 2, 2024, to March 12, 2024.

35. On January 31, 2024, while on medical leave, Plaintiff was evaluated by another healthcare provider for a new healthcare condition. Plaintiff was referred to another specialist for an evaluation.

36. On March 12, 2024, Plaintiff's OFLA leave ended. On March 13, 2024, Plaintiff returned to work. On March 13, 2024, Ms. Vang and Mr. Wood met with Plaintiff. Despite their knowledge that Plaintiff has disabilities and had requested accommodations, they informed Plaintiff that they were restarting the PIP. Ms. Vang and Mr. Wood also told Plaintiff that her request for accommodations was "on pause." Ms. Vang and Mr. Wood told Plaintiff that she would have to submit a new request for accommodations since "time had passed" since Plaintiff submitted her request for accommodations before going on medical leave, Ms. Vang and Mr. Wood told Plaintiff that they wanted her to include more information when she submitted a second request for accommodations.

**Snyder, Post and Burgess**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

37. On March 15, 2024, Ms. Vang met with Plaintiff. During that meeting, Ms. Vang told Plaintiff that Plaintiff had to make more specific requests for accommodations. On March 15, 2024, Plaintiff submitted another accommodation request to Ms. Vang. Plaintiff requested shorter, more frequent breaks between tasks, being allowed to work remotely from home, receiving written work instructions rather than oral instructions, flexing her work hours, and being able to close her office door to reduce distractions.

38. On March 18, 2024, Plaintiff's third request for accommodations was provided to Ms. Vang. One of Plaintiff's healthcare providers suggested retraining, additional breaks, flexible working hours, reduced workload expectations with a gradual increase, working from home, written directions instead of receiving verbal directions, and avoiding sudden disruptions.

39. Plaintiff received a calendar request from Ms. Vang, scheduling a meeting with Plaintiff at 2:00 p.m. on March 22, 2024, although Plaintiff's calendar, which Ms. Vang could access, showed that Plaintiff already had a scheduled healthcare appointment at 3:00 p.m. on March 22, 2024.

40. On March 22, 2024, at 2:00 p.m., Plaintiff met with Ms. Vang. Dani Huck, General Counsel was present at the meeting. Dani Huck told Plaintiff that the Oregon State Bar Association was denying all of Plaintiff's accommodation requests. Dani Huck claimed that it would be an "undue burden" to provide Plaintiff with any of the accommodations she requested. Ms. Vang directed Plaintiff to voluntarily resign and if she did so, the Oregon State Bar would give Plaintiff one week of pay, a "neutral" reference, and the Oregon State Bar would not contest an unemployment claim if Plaintiff signed a release of all claims. During the meeting, Plaintiff asked Ms. Vang if she could look at the release of claims document Ms. Vang was referring to. Ms. Vang and Dani Huck refused to allow Plaintiff to look at the release of claims. Plaintiff then

PAGE 8 – COMPLAINT AND DEMAND FOR JURY TRIAL

asked if she could talk to someone else before deciding, intending to talk to her doctors. Ms. Vang and Dani Huck, knowing that Plaintiff was substantially impaired in cognition, said, "No." When Plaintiff asked Ms. Vang and Dani Huck why Plaintiff could not talk to someone else before making a decision, Ms. Vang and Dani Huck said, "due to security access concerns." Plaintiff replied that signing a release of claims without being able to read the document and getting advice would not be a good decision. Ms. Vang and Dani Huck continued to pressure Plaintiff to make an immediate decision. Plaintiff then offered to turn in her building fob while Plaintiff sought advice if they were concerned about security. Ms. Vang replied, saying, "As of today, you are no longer employed by the Oregon State Bar." Ms. Vang then walked Plaintiff to the lobby and told Plaintiff to leave.

## FIRST CLAIM FOR RELIEF

(Title I of the Americans with Disabilities Act - Discrimination)

41. Plaintiff realleges all relevant paragraphs.

42. At all times material, Defendant was an employer for the purpose of, and subject to, the Americans with Disabilities Act (ADA).

43. Plaintiff has an impairment, which substantially limits one or more major life activities, has a history and/or record of such impairment, and/or was regarded by Defendant as having such impairment.

44. After Plaintiff disclosed Plaintiff's disability to Defendant, Defendant began to discriminate against Plaintiff as alleged above. Said discrimination was based on Defendant's failure to reasonably accommodate Plaintiff, disparate treatment, retaliation, and a hostile work environment.

45. Defendant failed to engage in the interactive process with Plaintiff.

46. Plaintiff requested reasonable accommodations from Defendant.

47. At all relevant times, Plaintiff was able to perform the essential functions of Plaintiff's position, with or without reasonable accommodation.

48. Defendant conduct violated 42 U.S.C. § 12112.

49. As a result, Plaintiff suffered damage and is entitled to the damages and other relief set forth below.

50. Plaintiff is entitled to equitable relief, including but not limited to, a declaration that Defendant violated Plaintiff's statutory rights, reinstatement, and an injunction prohibiting further discrimination and retaliation.

51. Plaintiff is entitled to an award for past lost wages and benefits and future lost earnings, benefits, and lost earning capacity, and other compensatory damages for past and future pecuniary losses. Plaintiff should be awarded economic damages in an amount determined fair by a jury.

52. Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional distress and other nonpecuniary losses in an amount to be proved at trial. Plaintiff should be awarded non-economic damages in an amount determined fair by a jury.

53. The court should enter an order declaring that Defendant violated the ADA.

54. To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

55. Pursuant to 42 U.S.C. § 12205, Plaintiff is entitled to an award of attorney's fees, expert witness fees and costs incurred herein.

**Snyder, Post and Burgess**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

56. Plaintiff is entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

## SECOND CLAIM FOR RELIEF

(Title I of the Americans with Disabilities Act - Retaliation)

57. Plaintiff realleges all relevant paragraphs.

58. Defendant retaliated against Plaintiff for pursuing Plaintiff's rights in accordance with the ADA. Such actions by Defendant are in violation of the Americans with Disabilities Act.

59. As a result, Plaintiff suffered damage and is entitled to the damages and other relief set forth below.

60. Plaintiff is entitled to equitable relief, including but not limited to, a declaration that Defendant violated Plaintiff's statutory rights, reinstatement, and an injunction prohibiting further discrimination and retaliation.

61. Plaintiff is entitled to an award for past lost wages and benefits and future lost earnings, benefits, and lost earning capacity, and other compensatory damages for past and future pecuniary losses. Plaintiff should be awarded economic damages in an amount determined fair by a jury.

62. Plaintiff is entitled to non-economic damages sufficient to compensate Plaintiff for emotional distress and other nonpecuniary losses in an amount to be proved at trial. Plaintiff should be awarded non-economic damages in an amount determined fair by a jury.

63. The court should enter an order declaring that Defendant violated the ADA.

**Snyder, Post and Burgess**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

64. To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

65. Pursuant to 42 U.S.C. § 12205, Plaintiff is entitled to an award of attorney's fees, expert witness fees and costs incurred herein.

66. Plaintiff is entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

### THIRD CLAIM FOR RELIEF

(Family and Medical Leave Act of 1993 - 29 U.S.C. § 2601 et seq.)

67. Plaintiff realleges all relevant paragraphs.

68. Defendant is an 'employer' within the meaning of 29 U.S.C. § 2611(4).

69. Defendant employed at least 50 employees for each working day during each of 20 or more calendar work weeks in the year prior to taking leave.

70. At all times material, Plaintiff was an 'eligible employee' within the meaning of 29 U.S.C. § 2611(2).

71. At all times in the year Plaintiff took leave Defendant employed 50 or more employees with 75 miles of the worksite where Plaintiff performed work for Defendant.

72. Plaintiff was employed by defendant for at least 1,250 hours of service during the 12-month period immediately preceding the commencement of the leave.

73. Plaintiff was employed by Defendant for more than 12 months prior to commencing leave.

74. At all times material, Plaintiff was an 'eligible employee' within the meaning of 29 U.S.C. § 2611(2).

PAGE 12 – COMPLAINT AND DEMAND FOR JURY TRIAL

75. Plaintiff took medical leave protected by the Family Medical Leave Act (FMLA).

76. At all material times, Plaintiff suffered from a serious health condition, as defined by 29 U.S.C. § 2611(11).

77. Defendant interfered, discriminated and retaliated against Plaintiff for engaging in the protected activity of taking leave under FMLA.

78. Defendant interfered, discriminated and retaliated against Plaintiff for taking medical leave by taking adverse employment actions against Plaintiff, including, but not limited to, terminating Plaintiff and refusing to reinstate Plaintiff to employment.

79. As a direct and proximate result of Defendant's interference, discrimination and retaliation, Plaintiff has suffered lost income and will continue to suffer past and future wages, past and future benefits, and other expenses, all to Plaintiff's economic damages in an amount to be determined at trial.

80. The Court should enter an order declaring that Defendant violated the FMLA.

81. To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

82. Plaintiff is entitled to an award of liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A).

83. Pursuant to 29 U.S.C. § 2617(a)(3), Plaintiff is entitled to an award of attorney's fees, expert fees, and costs incurred herein.

84. Plaintiff is entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

PAGE 13 – COMPLAINT AND DEMAND FOR JURY TRIAL

**Snyder, Post and Burgess**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

# FOURTH CLAIM FOR RELIEF

(Oregon Family Leave Act - ORS 659A.150 et. seq.)

85. Plaintiff realleges all relevant paragraphs.

86. Plaintiff took medical leave protected by the Oregon Family Leave Act (OFLA).

87. Defendant employed 25 or more persons in the State of Oregon for each working day during each of 20 or more calendar workweeks in the year.

88. Defendant employed 25 or more persons in the State of Oregon for each working day during each of 20 or more calendar workweeks in the year.

89. Immediately prior to commencing family leave in 2023, Plaintiff worked for Defendant for more than 180 days.

90. Plaintiff worked an average of more than 25 hours per week for Defendant during the 180 days immediately preceding the date on which Plaintiff commenced family leave.

91. At all material times, Plaintiff had a serious health condition as that term is defined in ORS 659A.150(6).

92. Defendant interfered, discriminated and retaliated against Plaintiff for taking medical leave by taking adverse employment actions against Plaintiff, including, but not limited to, terminating Plaintiff's employment.

93. As a result of Defendant's interference, discrimination and retaliation against Plaintiff, Plaintiff suffered and continued to suffer economic losses, emotional distress, and other nonpecuniary losses.

94. As a result of Defendant's discrimination and retaliation against Plaintiff, Plaintiff is entitled to equitable relief.

95. Pursuant to 659A.885, Plaintiff is entitled to recover back pay.

**Snyder, Post and Burgess**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

96. The Court should enter an order declaring that Defendant violated the OFLA.

97. To the extent any amount awarded to Plaintiff is for damages occurring prior to the entry of judgment, Plaintiff is entitled to an award of prejudgment interest at the legal rate from the date the damage occurred until the date of judgment.

98. Pursuant to ORS 659A.885(1) and ORS 20.107, Plaintiff is entitled to recover Plaintiff's reasonable attorney fees and costs, including expert witness fees.

99. Plaintiff is entitled to post judgment interest on all damages, costs, expenses, and fees from the date of judgment until the date paid.

## FIFTH CLAIM FOR RELIEF

(Paid Leave Oregon - ORS 657B.070)

100. Plaintiff realleges all relevant paragraphs as though fully restated herein.

101. Defendant interfered, discriminated and retaliated against Plaintiff for taking medical leave by taking adverse employment actions against Plaintiff, including, but not limited to, terminating Plaintiff's employment.

## SIXTH CLAIM FOR RELIEF

(ORS 659A.103 et seq. - Oregon Rehabilitation Act)

102. Plaintiff realleges all relevant paragraphs as though fully restated herein.

103. Plaintiff is a 'disabled person' as defined at ORS 659A.104(1).

104. Defendant is an 'employer' as defined at ORS 659A.106.

105. Defendant discriminated against Plaintiff because of Plaintiff's disability by failing to accommodate Plaintiff's disability, failing to engage in the interactive process, and terminating Plaintiff's employment.

106. Defendant's conduct violates ORS 659A.112.

**Snyder, Post and Burgess**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

107. Defendant retaliated against Plaintiff because Plaintiff opposed unlawful discrimination as alleged above.

108. Plaintiff could perform the essential functions of Plaintiff's job with Defendant with or without the reasonable accommodations of allowing Plaintiff to continue to work.

109. Defendant's refusal to provide reasonable accommodations for Plaintiff's known disability constitutes discrimination against the Plaintiff due to Plaintiff's disability pursuant to ORS 659A.103 et seq.

110. As a result of Defendant's conduct, Plaintiff suffered and continues to suffer non-economic and economic damages. Plaintiff is entitled to the relief, damages, attorney fees, costs, and interest as alleged below.

**PRAYER FOR RELIEF**

Plaintiff prays for the following judgment against Defendant:

1. A sum which will fully compensate Plaintiff for Plaintiff's non-economic damages in a sum that is just as determined by a jury;

2. A sum which will fully compensate Plaintiff for Plaintiff's economic damages in a sum that is just as determined by a jury;

3. Equitable relief, including but not limited to, reinstatement if Plaintiff so chooses;

4. Liquidated damages;

5. Plaintiff's costs and disbursements incurred herein;

/////

/////

**Snyder, Post and Burgess**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249

6. Plaintiff's attorney fees; and

7. For such other and further relief as the Court may deem just and equitable.

**Plaintiff demands a trial by Jury.**

Dated: October 27, 2025

                                            **Snyder, Post and Burgess**

                                            */s/ Daniel Snyder*
                                            Daniel Snyder, OSB No. 783856
                                            danielsnyder@civilrightsoregon.com
                                            Paul Bastian, OSB No. 062706
                                            paulbastian@civilrightsoregon.com
                                            Tel: (503) 241-3617 / Fax: (503) 241-2249
                                                  Attorneys for Plaintiff

PAGE 17 – COMPLAINT AND DEMAND FOR JURY TRIAL

**Snyder, Post and Burgess**
Attorneys At Law
1000 S.W. Broadway, Suite 2400
Portland, Oregon 97205
(503) 241-3617 Fax (503) 241-2249